### 23040. CARSON et al. v. STATE OF GEORGIA, ex rel. PRICE.
### 23041. BAXTER v. STATE OF GEORGIA, ex rel. PRICE.
### 23042. BAXTER v. STATE OF GEORGIA, ex rel. BROWN.
### 23044. CARSON et al. v. STATE OF GEORGIA, ex rel. BROWN.

ARGUED JULY 12, 1965—DECIDED SEPTEMBER 14, 1965.

*Sam Johnson,* for plaintiffs in error.

GRICE, Justice. Two petitions charging that gambling was being carried on in certain establishments and seeking its abatement as public nuisances resulted in the assignments of error here. In each case demurrers of the defendants were overruled and injunctive relief was granted. The two petitions, filed in the Superior Court of Long County, are the same except for the defendants named, the business establishments involved, and the citizens on whose behalf the proceedings were brought.

In cases numbered 23040 and 23041 the petition was filed by the solicitor general upon the relation of E. E. Price. In substance its allegations are those which follow. The defendant Carlton Baxter is the owner of "The Diner," the premises complained of, and the defendant Mrs. Lionel D. Carson, Sr., is its lessee, manager and operator. She, through herself, her agents and employees, on a named date and immediately prior thereto maintained a gaming house there and permitted persons to come together and gamble in specified particulars. The defendant Lionel Douglas Carson, Jr., who resides in a trailer located in the rear of the premises, and the defendants John Jackson Cape, W. H. Mallard and Porter Gary Stack, who are employees of the business, did play and bet for money and other things of value at said establishment. This gambling and maintaining of a gambling house is in violation of *Code* §§ 26-6401 and 26-6404 and should be abated as a public nuisance. The establishment is located on a Federal highway, and its operation is known locally by the citizens of that county and by the tourists who travel the highway. There is no adequate remedy at law for its abatement, and it will not cease unless its operations are restrained by this court. The petition prayed, in addition to process and general relief, that each of the defendants, their agents, servants, employees and associates, be temporarily and

permanently enjoined and restrained from operating, carrying on and maintaining said business directly or indirectly, and that it, as operated by the defendants, be permanently abated as a public nuisance.

In cases numbered 23042 and 23044, P. M. Brown is the relator. The petition in those cases alleges that the defendant Carlton Baxter is the owner of "The Pink House Restaurant"; that the defendant Lionel Douglas Carson, Sr., is its lessee, manager and operator; that the defendants Seymour Robert Klien, Clyde Tyson and Jackie Earl Knippenburg are its employees; that the defendant Carson, Sr., through himself, his agents and employees maintains a gaming house there; and that the defendants Klien, Tyson and Knippenburg gamble in it. The other allegations and the prayers are the same as those in the petition in cases numbered 23040 and 23041.

To each of the petitions the defendant Baxter alone filed a general demurrer and also an answer denying all allegations except his ownership of the real estate and buildings involved. To each petition the other defendants interposed a joint general demurrer and joint answer making the same response as did Baxter.

By agreement the two cases were consolidated for the interlocutory hearing which ensued.

Upon conclusion of the evidence the trial judge overruled all of the general demurrers, impounded certain evidence for future use, and granted injunctions. He enjoined all defendants, except Baxter, and all persons holding by, under, and through such defendants from operating or conducting gambling or any other illegal business at the establishments referred to in the petitions or elsewhere in that judicial circuit. He enjoined Baxter from operating or conducting any illegal business or illegal enterprise on such premises, from leasing or renting them for any illegal or immoral enterprise, and from leasing or renting them until and unless he makes diligent investigation and inquiry as to the purpose of their use and is satisfied that they will not be used for any illegal or immoral purpose.

All defendants assign error upon the overruling of their demurrers. They also assign error upon the grant of the injunc-

tions, asserting in several grounds the over-all contention that such injunctions were based solely upon evidence obtained by illegal search warrants and therefore were without evidence to support them. Error is also assigned upon the ground that the written orders were at variance with oral orders given previously.

■ Each of the petitions, as we evaluate them, sets forth a cause of action against all of the defendants named therein.

They allege the operation and management by the lessees of gaming houses and gambling in them by named employees of the lessees. The allegations are sufficient to show gaming houses as public nuisances, abatable by petitions brought by the solicitor general upon the relation of citizens. *Code* § 72-202; *Gullatt v. State of Ga.*, 169 Ga. 538 (3) (150 SE 825); *Lee v. Hayes*, 215 Ga. 330 (1) (110 SE2d 624).

Insofar as the defendant Baxter was concerned, allegations of guilty knowledge by him of the illegal use of the premises was not necessary here where the petitions do not seek padlocking of the premises for all purposes but only abatement of the gambling carried on there. In this situation Baxter is a proper party because of his ownership. He, like those actually conducting the illegal businesses, may be enjoined so as to prevent their continuance. See in this connection, *Henson v. Porter*, 149 Ga. 83 (2) (99 SE 118); *Ogletree v. Atkinson*, 195 Ga. 32 (3) (22 SE2d 783); *Baskin v. Meadors*, 196 Ga. 802 (27 SE2d 696).

For these reasons all of the demurrers were properly overruled.

■ We come now to the attacks made upon the injunction portions of the judgment. The thrust of the assignments of error is that the injunctions were contrary to the evidence and without evidence to support them since they were based solely upon evidence obtained through illegal searches and seizures in violation of the United States and Georgia Constitutions.

Upon the trial the defendants objected to all evidence obtained as a result of the searches and seizures, contending there, as they do here, that the search warrants by which the evidence was obtained were illegal because (1) they were issued without a showing of probable cause and (2) they were general search warrants. As we view the situation it is necessary to deal only with the first of these contentions.

By the recent decision of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643, 655 (81 SC 1684, 6 LE2d 1081), a rule which had long existed in this State and many other jurisdictions was overturned. Instead a new rule was established, that *"all* evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a *state* court." (Emphasis ours.) That this mandate was not for criminal cases only is clear from the Mapp decision and from the more recent pronouncement in One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (85 SC 1246, 14 LE2d 170).

The issue made as to the validity of the search warrants here is, therefore, a critical one.

The Fourth Amendment to the United States Constitution (*Code* § 1-804) and Art. I, Sec. I, Par. XVI of the Georgia Constitution (*Code Ann.* § 2-116) are identical. They provide: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue except *upon probable cause,* supported by oath, or affirmation, particularly describing the place, or places, to be searched, and the persons or things to be seized." (Emphasis ours.)

This brings us to a determination of whether the warrants in the cases at bar were issued upon a showing of probable cause.

The affidavit in each case, in material part, provided as follows: ". . . [affiant] says 'That he has reasonable and proper cause to believe and does verily believe that . . . [named defendant and business] is now engaged in violation of the gambling and intoxicating liquor laws of the State of Georgia. . .'" These affidavits alone were the bases for the issuance of the search warrants here, insofar as the records show. The warrant in each case recited, "The foregoing affidavit . . . having been duly and regularly made before me, and the same seeming to constitute probable cause for the belief expressed. . ."

As we view what occurred, the issuance of the warrants was not in keeping with the constitutional requirement of probable cause.

The decision of the United States Supreme Court in Aguilar v. Texas, 378 U.S. 108 (84 SC 1509, 12 LE2d 723) is controlling here. In that case the affidavit given for obtaining a state search warrant recited that: "Affiants have received reliable information from a credible person and do believe that heroin . . . and other narcotics . . . are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law." The United States Supreme Court reversed the state court's admission, over the defendant's objection that probable cause for the issuance of the search warrant was not shown, of evidence seized as a result of the search warrant. It reiterated the holding of Ker v. California, 374 U.S. 23 (83 SC 1623, 10 LE2d 726), that the Fourth Amendment's proscriptions are enforced against the States through the Fourteenth Amendment and that the standard for obtaining a search warrant is the same under the two amendments, and held that the affidavit did not provide a sufficient basis for probable cause as required by the Fourth Amendment.

The court stated: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant . . . [citations], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were. . . Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate' as the Constitution requires, but instead, by a police officer. . ." See also *Smoot v. State,* 160 Ga. 744 (128 SE 909, 41 ALR 1533).

The affidavits in the case at bar, having stated no facts or circumstances underlying the beliefs that the defendants were engaged in violation of the gambling and intoxicating liquor laws of this State, did not furnish a sufficient basis for a finding of probable cause for the issuance of the search warrants. Therefore, the evidence obtained upon the searches was inadmissible upon the trial.

Since the evidence in support of the injunctions was obtained by illegal searches and seizures, the portions of the judgments granting such injunctions were void.

While several other matters are argued in the briefs, the foregoing rulings dispose of all of the assignments of error necessary to treat here.

*Judgments affirmed in part; reversed in part. All the Justices concur.*