41760. VEASEY v. THE STATE.

DEEN, Judge. 1. A justice of the peace is a proper officer to issue a search warrant. *Johnson v. State,* 111 Ga. App. 298, 301 (141 SE2d 574); 79 CJS 852, 854, § 72 (b).

2. A search warrant is in the nature of a criminal process (*Johnson v. State,* supra, p. 302). Warrants may issue and arrests be made on Sunday. *Weldon v. Colquitt,* 62 Ga. 449 (1). The element of time is often decisive in apprehension of law violators and the recovery of property; to make the observance of a religious holiday a license for illegal practice is hardly in conformity with the spirit of the law. This search warrant was not invalid by reason of being obtained on a Sunday.

3. The affidavit upon which the search warrant was issued recites only that the affiant "on oath presented evidence that a quantity of intoxicating beverages or liquor and distilling apparatus are now in the possession of one Freddie Veasey . . . and deponent, upon said evidence, verily believes that said intoxicating liquors and distilling apparatus are there kept in violation of the laws of the State of Georgia." This is no more than an affidavit based on information and belief which, under *Carson v. State of Ga.,* 221 Ga. 299 (144 SE2d 384) is not in keeping with the constitutional requirement of probable cause. *Carson* cited Aguilar v. Texas, 378 U.S. 108 (84 SC 1509, 12 LE2d 723) to the effect that the affidavit must include information of some of the underlying circumstances from which the informant concludes that the crime has been committed, and must of itself show sufficient

facts to authorize the magistrate to conclude that probable cause for the issuance of the warrant exists. However, in both *Carson* and *Johnson*, supra, the record showed no presentation to the issuing magistrate of any facts other than those contained in the affidavit. The warrant in this case recites in addition that the judicial officer "after hearing evidence supporting the foregoing affidavits" made a judicial determination that probable cause for the existence of the warrant existed. This raises the question whether the facts on which the warrant issues must be shown in the affidavit, as to which it was said in *Johnson v. State*, supra, (p. 302) that "it is the better, even necessary, practice that the facts then made to appear as showing probable cause be incorporated in the affidavit." However, in *Johnson* the question only related to the affidavit itself and not to oral testimony. See in this connection *Marshall v. State*, 113 Ga. App. 143 (147 SE2d). Facts to show probable cause must appear; otherwise the conclusion, whether of the affiant or the judicial magistrate, that probable cause exists is meaningless, for the discretion of the magistrate in finding probable cause is reviewable and without knowledge of the basis for his determination there is nothing to review. Probable cause cannot be made out by affidavits which are purely conclusory. U. S. v. Ventresca, 380 U.S. 102 (85 SC 741, 13 LE2d 684) ; *Smoot v. State*, 160 Ga. 744 (128 SE 909, 41 ALR 1533). The guarantees of the State and Federal Constitutions (*Code* §§ 1-804, 2-116) are that no such warrant shall issue save "upon probable cause, supported by oath or affirmation." The statement of the affiant that he presented evidence which was sufficient to make a showing of probable cause is but a conclusion, and the repetition of this language in the warrant itself, if approved on the theory that judicial officers are presumed to do their duty, would result in the denial of the defendant's right to have a determination by a reviewing court of the magistrate's judicial discretion in issuing the warrant, which might, in the event of error, nullify the guarantee. If, therefore, the magistrate issuing the warrant does so not on the basis of the affidavit but on other testimony, such testimony should itself be produced when, on the trial of a criminal case, the affidavit and warrant are challenged. The factual matter, however presented, constitutes the passport without which the warrant is but a ticket to interdicted territory—a means of entry with-

out a showing of the right to enter. The burden of showing that probable cause exists is on the State.

The affidavit and search warrant in this case were invalid as having been issued, so far as this record shows, without probable cause. The evidence sought to be introduced, having been illegally obtained, was erroneously admitted in evidence.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED JANUARY 5, 1966—DECIDED FEBRUARY 23, 1966.

*Casey Thigpen,* for appellant.
*Thomas A. Hutcheson, Solicitor,* for appellee.