## 50849. AMISS v. THE STATE.

MARSHALL, Judge.

The issue presented by this appeal is whether or not appellant's probation may be revoked on the basis of illegally seized evidence.

Appellant and at least five other individuals were having a "party" in a poolhouse behind the residence of appellant's mother and father. Appellant lived at home and frequently had friends over for a gathering in the poolhouse. The Thomasville Police conducted a raid of the poolhouse pursuant to a search warrant and found on the counter in the poolhouse five or six packages of cigarettes, one of which contained two "joints" of marijuana. When asked by the police who owned the marijuana, the appellant stated that he did not know, but that the cigarette pack had been there at least four or five days. The appellant testified at the hearing that the marijuana was not his. There was no other evidence introduced which in any way indicated that the marijuana was owned or possessed by the appellant.

A month earlier, appellant had been convicted and sentenced to 12 months probation, which was being revoked by these proceedings for his alleged possession of marijuana. Prior to and during the hearing for revocation of the appellant's probation, appellant's counsel moved to suppress the marijuana from introduction into evidence, on the grounds that it was procured by an illegal search and seizure in that the search warrant was invalid. The trial judge refused to suppress the evidence, without determining the validity of the search warrant, apparently on the grounds that the exclusionary rule of Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), did not apply to revocation of probation proceedings. On the basis of the apparent possession of marijuana, the trial

judge revoked the appellant's probation for a period of 30 days, from which ruling the appellant makes this appeal, having obtained a supersedeas bond. *Held:*

May evidence obtained in an illegal search and seizure be admitted in a hearing to revoke probation in determining whether there had been a violation of the conditions of the probation? Since the trial judge did not specifically make a determination as to the validity of the search warrant, we assume, without deciding, that the search and seizure was illegal for the purposes of this appeal.

The exclusionary rule was created and has been applied primarily for the purpose of deterring police invasions of a defendant's constitutional rights by banning evidence illegally seized from introduction at a criminal trial of that defendant. Mapp v. Ohio, 367 U. S. 643, supra; Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441); Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726). Although not made irrelevant, incompetent, immaterial, or otherwise inadmissible under any rules of evidence, such evidence seized in violation of the defendant's Fourth Amendment constitutional rights has been held to be inadmissible because of the manner in which it was obtained. "The rule is calculated to prevent, not to repair. Its purpose is to deter — to compel respect for the constitutional guarantee in the only effectively available way — by removing the incentive to disregard it." Elkins v. United States, 364 U. S. 206, 217 (80 SC 1437, 4 LE2d 1669). Cf. United States v. Calandra, 414 U. S. 338 (94 SC 613, 38 LE2d 561). The exclusionary rule has also been justified on the grounds that judicial integrity would be impaired were the courts to sanction "defiance of the . . . Constitution" by admitting illegally seized evidence into criminal trials. See Weeks v. United States, 232 U. S. 383 (34 SC 341, 58 LE 652); Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889); Brown v. Illinois, —— U. S. —— (95 SC 2254, 45 LE2d 416).

Regardless of its basis, the exclusionary rule has been repeatedly followed through the years and in some cases, expanded by the United States and Georgia Supreme Courts. See, One 1958 Plymouth Sedan v. Pennsylvania, 380 U. S. 693 (85 SC 1246, 14 LE2d 170) (a

forfeiture case); Dyke v. Taylor Implement Mfg. Co., 391 U. S. 216 (88 SC 1472, 20 LE2d 538) (a criminal contempt case); *Carson v. State of Ga.,* 221 Ga. 299 (2) (144 SE2d 384) (a nuisance abatement case). As long as the exclusionary rule is the "law of the land," we have no alternative but to give effect to its mandate, in spite of its purely legal irrelevance and its practical inefficacy.[1]

The alleged illegal search in this case, and the use of its fruits in the judicial proceeding is no less an invasion of the constitutional rights of the appellant because the evidence illegally seized is used in a hearing to revoke his probation. Such evidence "shall not be used at all." Wong Sun v. U. S., supra. See *Dickson v. State,* 124 Ga. App. 406, where Judge Hall dealt with a search and seizure question on an appeal from a revocation of probation, implying that the exclusionary rule was applicable. See also *Cooper v. State,* 118 Ga. App. 57, 58 (162 SE2d 753); State v. Gansz (Fla.), 297 S2d 614; Michaud v. State, (Okla. Crim. App.), 505 P2d 1399.

We are aware of the rule that in a revocation of probation proceeding, "slight evidence" is all that is necessary to authorize a finding of a violation. *Christy v. State,* 134 Ga. App. 504 (215 SE2d 267); *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790). While the presence of marijuana at the poolhouse may have been "slight

---

[1]Professor Dallin Oaks points out some of the negative consequences of the rule in his article, Studying the Exclusionary Rule in Search and Seizure, 37 U. of Chicago L. Rev. 665 (1970): As a deterrent the exclusionary rule is ineffective, provides no recompense for the innocent and frees the guilty, creates incentive for large scale lying by police officers, diverts the focus of the criminal prosecution from the guilt or innocence of the defendant to a trial of the police, and should be replaced by an effective tort remedy against the offending officer or his employer. To the same effect is 8 Wigmore on Evidence § 2184a, where he concludes that the evidence seized illegally should be admitted, the prosecution should follow its normal course, and the headstrong and blundering constable should be dealt with separately.

evidence," it must nevertheless be admissible evidence. Inadmissible evidence is no evidence at all. See, e.g., *Carson v. State of Ga.,* 221 Ga. 299, supra.

There was no evidence in the record other than the alleged possession of marijuana showing any violation by appellant of the conditions of his probation. Since the trial judge did not hold an evidentiary hearing on appellant's motion to suppress to determine whether the evidence pertaining to the marijuana was inadmissible as a result of an illegal search, we must reverse and remand for determination of that issue.

*Judgment reversed and remanded. Bell, C. J., and Webb, J., concur.*

SUBMITTED JUNE 17, 1975 — DECIDED SEPTEMBER 23, 1975.

*Short & Fowler, Larkin M. Fowler, Jr.,* for appellant. *William U. Norwood, III, Solicitor,* for appellee.