## 51551. SHEPPARD v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction and sentence in a bench trial, of two counts of violation of the Georgia Controlled Substances Act.

1. Enumerated errors 2, 5 and 6 all pertain to or depend upon the trial judge's order denying the defendant's motion to suppress evidence, which motion attacked the sufficiency of the search warrant and affidavit. The warrant and affidavit were in effect admitted in evidence by the parties' stipulation at the hearing on the motion that non-certified copies of these documents be considered as the originals and designated as state's exhibits and by the trial judge's consideration of these copies while hearing partially unreported argument and afterwards, preparatory to ruling on the

motion. Although these documents thus became a part of the record, they were not included in the record transmitted to this court on the appeal. Upon a request by this court that the documents be sent up, the trial court clerk certified that such documents are not in the clerk's files.

Once the defendant challenges the affidavit and warrant, the burden of showing that they were valid and that probable cause existed is on the state. *Bell v. State,* 128 Ga. App. 426, 428 (196 SE2d 894), citing *Veasey v. State,* 113 Ga. App. 187 (147 SE2d 515) and *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666). Although defense counsel might have insisted upon the original warrant and affidavit being introduced, he waived this, as pointed out hereinabove. Thus, the state carried its burden of introducing the documents.

However, we are not in a position to be able to rule on the issue of whether the state carried its burden of showing that probable cause existed, by reason of the appellant's failure to perfect the record by insuring that the documents admitted in evidence were filed with the trial court clerk. "[T]he Appellate Practice Act requires that appeals from final judgments be determined on their merits if at all possible, and the absence in the appellate record of *existing* transcripts or documents, *available in the trial court,* is not ground to refuse consideration of enumerated errors on their merits." (Emphases supplied.) *Interstate Financial Corp. v. Appel,* 233 Ga. 649, 651 (212 SE2d 821). Since it does not appear that the documents, if "existing," are "available in the trial court," there is nothing which this court can order sent up for our consideration.

Since the trial judge passed on the sufficiency of the copies of the warrant and affidavit stipulated to be considered, we must assume, absent the availability to us of this evidence, that he properly exercised his judgment and discretion in denying the motion to suppress. See *U. S. F. & G. Co. v. Ga. Farm Bureau Mut. Ins. Co.,* 126 Ga. App. 831 (191 SE2d 893) and cits. Accordingly, the denial of the motion to suppress is affirmed and enumerated errors 2, 5 and 6 are without merit.

2. The admitting in evidence of testimony of a

prosecution witness whose name had not been furnished to the defense prior to trial, if error, was rendered harmless error when the trial judge, as the trier of fact, sustained the defendant's objection to the principal portion of such testimony. Enumerated error 3 is without merit.

3. It was not error to admit in evidence, over objection, a business record showing that rental had been paid on a mobile home trailer of the same brand as the one rented to the defendant (which was the only trailer of that description in the mobile home park) up through a period 2 weeks after the search of the trailer. This evidence was made relevant by the admitting in evidence of a receipt for rental paid to the same rental park by the defendant 3 weeks prior to the search, which receipt was seized from the defendant's person, the legality of which seizure must be assumed, the trial court clerk having certified that the arrest warrant and affidavit are not in his files. The evidence was thus admissible, with its weight to be determined by the judge as the trier of fact. Enumerated error 4 is without merit.

4. The judgment of conviction was authorized by the evidence that the marijuana and PCP were seized from a trailer leased and occupied by the defendant. The presumption that the contraband was possessed constructively by the defendant "head of the household," or lessee (he not being at his residence at the time of the search under warrant) was not rebutted under the so-called "equal access" rule.

There was evidence that the defendant had told his lessor that another person would be living with him; that there were two bedrooms in the trailer, both apparently occupied; and that the defendant's co-indictee answered the searching officers' knock at 8:55 a.m. with his hair messed up, dressed in a T-shirt and dungarees, as though he had just got up out of bed. Even if this evidence was sufficient to prove that the co-indictee was a co-resident of the trailer rented by the defendant, however, the evidence showed that some of the contraband (both marijuana and PCP pills) was found in plain view on a dresser top in a bedroom apparently occupied by the defendant (checkbooks with his name thereon were found on the

same dresser top.) Additionally, marijuana was found in a closet in the other bedroom. In the kitchen, marijuana seeds were found in a cabinet drawer, a bag of marijuana and PCP pills was found in a sugar can, and weights or a scale were found in plain view on the kitchen table. In this case, as was true in the recent case of *Kenerleber v. State,* 137 Ga. App. 618, there was a combination of non-exclusive, joint possession and possession which might be found to be exclusive in the defendant. Under these circumstances, there was sufficient evidence of the defendant's possession of at least the contraband in his bedroom, as well as that scattered in hidden and open places throughout the premises. Enumerated error 1 is without merit.

5. Enumerated error 7 has been expressly abandoned, and Enumerations 8 and 9 are deemed abandoned by failure to argue them.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED APRIL 5, 1976 — REHEARING DENIED MAY 12, 1976.

*Charles Marchman, Jr.,* for appellant.

