### 53933. PORTER v. THE STATE.

MARSHALL, Judge.

The defendant's appeal from the revocation of his probation raises the issues of the denial of due process in the revocation hearing and the sufficiency of evidence to support the revocation. *Held:*

1. The appellant contends that he was denied due process of law by the fact that the judge announced prior to the hearing that the appellant had been committed to the Cobb County adjustment center within the discretion of

the court as an alternative to imprisonment; that the appellant had no legal right to serve within the confines of the community based services facility; that the appellant, therefore, had no due process rights in the matter of his revocation of probation; and that, therefore, even if he revoked without cause, he would not have violated any rights that the appellant had.

The trial judge was in error in his belief that the appellant had no due process rights in the revocation proceeding; he was entitled to have the revocation authorized by at least "slight evidence of misconduct" (*Christy v. State,* 134 Ga. App. 504 (1) (215 SE2d 267) (1975) and cits.), which evidence must be admissible. *Amiss v. State,* 135 Ga. App. 784 (219 SE2d 28) (1975). This error did not result in the deprivation of the appellant's due process rights, however, because the appellant was notified of the charges pending against him in a petition for revocation, of which he acknowledged service; he was afforded a hearing at which he was represented by able counsel, had the opportunity to cross examine the state's witnesses, testified in his own behalf, and had the opportunity (of which he did not avail himself) to call witnesses in his own behalf. Furthermore, and more importantly, the state introduced at least slight admissible evidence to support the revocation, as set out in Division 2 hereinafter.

2. The revocation was supported by the following evidence: The appellant agreed, upon entering the adjustment center, to work faithfully at suitable employment insofar as might be possible, to pay a $250 fine and $46.46 restitution, and to comply with the rules and regulations of the center, with the understanding that any infraction of these rules and regulations would subject him to petition for revocation of probation. The appellant's counselor-supervisor at the center testified that the appellant was fired from his first job for fighting and his second job for not doing the work; that she caught him laying out of work one day; that he paid no restitution during his period of confinement at the center; and that he failed to abide by the rules and regulations, in that, despite continued prodding, he failed to adjust to routine demands placed on the inmates by the center. On cross

examination, the appellant admitted that he was fired from his second job because he "wasn't doing no [sic] work," and that, despite the correction officer's telling him that it was against the rules to go into another inmate's room and take property, he had done so and taken a television set.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 5, 1977 — DECIDED MAY 31, 1977.

*Dupree & Staples, Hylton B. Dupree, Jr., Barry Staples,* for appellant.

*Thomas J. Charron, District Attorney, Richard L. Sloss, Assistant District Attorney,* for appellee.