## 58686. ADAMS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals from the revocation of her probated sentence. *Held:*

Susan Adams was convicted on two counts of public drunkenness and one count of obstruction of police officers in the 1978 May Term of the Floyd County Superior Court. Her consecutive sentences to confinement of one year on each count were probated. On September 30, 1978, during the probationary period, she was observed by two policemen "in an intoxicated condition walking down the side of the street . . . She had a strong odor of alcohol on her breath . . . [S]he was staggering as she was walking. Her speech was slurred." The police "advised her she was under arrest for being drunk" and transported her to the police station. During the booking procedure her purse was "inventoried" and small amounts of cocaine and marijuana were found.

At the probation revocation hearing defendant's counsel moved to suppress the seized drugs based upon the argument that her arrest was illegal. We agree that the state did not prove her arrest was lawful. In *LaRue v. State,* 137 Ga. App. 762, 763 (224 SE2d 837), a whole court case, we held that in order to effectuate a valid arrest under Code Ann. § 26-2607 (CCG § 26-2607; Ga. L. 1968, pp. 1249, 1315) the arrestee's "drunken condition must be manifest by boisterousness, or by indecent condition or act, or by vulgar, profane, loud or unbecoming language . . .," in accordance with the requirements of the statute. No such conduct existed here. The state did not attempt to justify defendant's arrest under a municipal ordinance. Even if one existed no copy was introduced in evidence and this court cannot take judicial notice of it as a basis for upholding the arrest. *Traylor v. State,* 127 Ga. App. 409, 410 (193 SE2d 876). As the state failed to prove any statutory basis for defendant's arrest, the subsequent inventory of defendant's pocketbook is tainted by the preceding illegal arrest and fruits of an illegal arrest are not admissible in evidence in a criminal trial. Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441); *Kelly v. State,* 129 Ga. App. 131 (3) (198 SE2d 910); *Hill v. State,*

140 Ga. App. 121 (3) (230 SE2d 336). Defendant's status as a probationer is not controlling. "The right to be free from unreasonable searches and seizures extends to all persons, including probationers." *Hunter v. State,* 139 Ga. App. 676, 678 (229 SE2d 505).

In *Aikens v. State,* 143 Ga. App. 891, 892 (240 SE2d 117), as well as *Amiss v. State,* 135 Ga. App. 784, 786 (219 SE2d 28), and *Porter v. State,* 142 Ga. App. 481, 482 (236 SE2d 172), we held "use of the fruits of an illegal [seizure] ... 'is no less an invasion of the constitutional rights of the [defendant] because the evidence illegally seized is used in a hearing to revoke his probation.' " In summary, illegally seized evidence may not be used to revoke probation. *Amiss v. State,* 135 Ga. App. 784, supra; *Porter v. State,* 142 Ga. App. 481, supra; *Aikens v. State,* 143 Ga. App. 891, supra.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED JANUARY 10, 1980.

*Larry J. Barkley,* for appellant.

*Larry Salmon, District Attorney, Steve Lanier, Assistant District Attorney,* for appellee.