## A99A0492. COLVERT v. THE STATE.
### (516 SE2d 377)

McMURRAY, Presiding Judge.

Defendant Colvert filed an application for appeal from a superior court order revoking his probation. OCGA § 5-6-35 (a) (5). The evidence adduced at a probation revocation hearing reveals that defendant's probation was revoked because police officers found illegal drugs in a car in which defendant was a passenger. We granted this appeal because the trial court refused to consider defendant's motion to suppress. *Held*:

In *Amiss v. State*, 135 Ga. App. 784 (219 SE2d 28), this Court held that items seized during an illegal search are not admissible during probation revocation proceedings and concluded that the trial

court erred in failing to conduct an evidentiary hearing on that appellant's motion to suppress. Id. at 786-787. In the case sub judice, the trial court revoked defendant's probation based on the admission of evidence regarding his possession of illegal drugs that were seized from a car in which defendant was a passenger. The trial court, however, refused to consider defendant's properly filed motion to suppress this evidence. Because it appears defendant's probation was revoked based on evidence that may be subject to suppression, we must vacate the judgment of the trial court and remand for the trial court to consider defendant's motion to suppress. Id. at 787; see *Adams v. State*, 153 Ga. App. 41, 42 (264 SE2d 532).

*Judgment vacated and case remanded with direction. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 14, 1999.

*Larry D. Wolfe*, for appellant.
*William T. McBroom III, District Attorney*, for appellee.