### 54350. AIKENS et al. v. THE STATE.

DEEN, Presiding Judge.

1. This is an appeal from a probation revocation. The cases of Aikens and Heaton were jointly tried as each was serving a probated sentence and the revocations are based on the same factual situation. The first four enumerations of error are based on alleged defects which have been cured by an auxilliary record showing, by the signature of each defendant, receipt of the original orders of probation conditioned on observance of the usual conditions of probation including "avoiding persons of disreputable or harmful character" and violating the criminal laws. They will accordingly not be considered further here.

2. At about 11 p.m. the owner of a used car lot attempted to halt two persons running from it and was shot at (although it must be noted as an extenuating circumstance that the owner fired the first shots when the fugitives failed to stop on demand). They ran down the road and were immediately picked up by a car which had passed up and down the road several times before during the evening. On seeing this, the car lot owner telephoned ahead to the next town, and the car was accordingly stopped ten or fifteen minutes later by a police officer who demanded to check the driver's license. At the same time he noticed a "billy stick" semi-concealed on the back seat, whereupon he arrested the occupants. Various items of stolen property were found during the ensuing search. No motion to suppress meeting the requirements of Code § 27-313 (b) was made before the trial judge (for one thing, no motion in writing was ever filed), but the defense attorneys did move to suppress all evidence subsequent to the halting of the car on the basis that these defendants had been charged in another court with burglary, attempted auto theft, and possession of a sawed-off shotgun, that a motion to suppress had been filed in that

court, and that this had resulted in a suppression of the evidence listed and subsequent dismissal of the charges against these defendants.

We do not accept the contention of the defendants' attorney that the ruling of another judge in another jurisdiction on another motion to supress (even though it related to the same transaction) would be controlling on the court holding the revocation hearing. The thrust of the opinion in *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37) is that a motion to suppress may be made to and heard by the judge *conducting the revocation proceedings:* there must be legal evidence upon which the revocation is based, but the quantum "is not that demanded for conviction of crime." It was held in *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) that even a final jury verdict of acquittal will not bar a judge conducting a revocation hearing from adjudicating the question of guilt or innocence de novo, but in any event where the question is not one finally determining the defendant's participation in a criminal act (as to which the quantum of evidence is much within the discretion of the trier of fact) but is a pure question of law, as to which no discretion is possible, and where in addition we do not have the benefit in this record of the motion to suppress filed in the other case, nor of the evidence in that case, nor any proper motion to suppress made in the revocation hearing itself, we must hold that the trial court need not have excluded any of the evidence offered, including evidence that there were a number of items recently stolen from automobiles in the defendant's car, and evidence that the defendant Heaton, after having fairly been instructed in the Miranda warnings, confessed to facts incriminating all occupants of the vehicle in the theft. It is true, as stated in *Amiss v. State,* 135 Ga. App. 784, 786 (219 SE2d 28) that the use of the fruits of an illegal search in a judicial proceeding "is no less an invasion of the constitutional rights of the appellant because the evidence illegally seized is issued in a hearing to revoke his probation." But failure to move for suppression in proper form constitutes a waiver. *Bissel v. State,* 126 Ga. App. 61 (2) (189 SE2d 701). The trial court here eliminated a large portion of the testimony on the ground that it had been suppressed in the criminal trial in

another court, but he then held that sufficient evidence remained to show a violation of the conditions of probation that the defendant not associate with persons of disreputable character and not violate the law. He named the Green testimony (that the defendants fled from the witness' used car lot firing a shot when he attempted to halt them) and, after the vehicle was lawfully stopped by a police officer (*Anderson v. State,* 123 Ga. App. 57 (2) (179 SE2d 286)), the plain view discovery of the billy stick, plus the association of the two defendants both of whom had been recently convicted. He might also have named the presence in the vehicle of various articles of property stolen from designated automobiles which, according to the statements of counsel and the court, were not included in the previous motion to suppress which the judge was seeking to honor.

The trial court did not err in failing to suppress all evidence because there was no proper motion before him to this effect. As to the quantum of evidence considered, it was sufficient to constitute the revocation not an abuse of legal discretion.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED OCTOBER 5, 1977 — REHEARING DENIED NOVEMBER 1 AND NOVEMBER 16, 1977.

*Martha Kuckleberg, Kenneth J. Vander Hoff, Jr.,* for appellants.

*Jeff C. Wayne, District Attorney, James H. Witmer, Assistant District Attorney,* for appellee.