## 77682. HARVILL v. THE STATE.
### (378 SE2d 917)

BENHAM, Judge.

This appeal is from appellant's convictions for trafficking in cocaine, possession of marijuana, and possession of a firearm by a convicted felon. He raises issues involving his motion to suppress evidence, the admissibility of evidence, discovery, the sufficiency of the

evidence, and the denial of a motion for continuance.

1. When appellant sought a hearing on his motion to suppress the fruits of a search of his home, the trial court refused to conduct a hearing and denied appellant's motion. The basis for the trial court's ruling was that appellant had already been afforded an evidentiary hearing on the validity of the search of his house during the proceedings leading to the revocation of his probation. Appellant enumerates as error the trial court's denial of his motion without affording him a hearing. We agree with appellant.

The Supreme Court has held in a criminal case that a court may take judicial notice of its own records in the immediate case or proceedings before it (*State v. Brinson*, 248 Ga. 380 (4) (283 SE2d 463) (1981)), and has ruled in a civil case that a court may take judicial notice of all its records (*Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984)). It has not, however, held that a court trying a criminal case can, as did the trial court in this case, take judicial notice of and give res judicata effect to a judgment entered in a non-criminal case. This court, however, has addressed the issue more directly: " '(T)he judgment in a civil action is not admissible in a criminal action to prove any fact determined in the civil action.' [Cit.]" *Flynt v. State*, 153 Ga. App. 232, 243 (264 SE2d 669) (1980).

" 'A revocation hearing is not a criminal trial.' [Cit.] . . . '(A) criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other.' [Cit.]" *Teague v. State*, 169 Ga. App. 285 (1) (312 SE2d 818) (1983). This court held in *Teague* that a ruling favorable to a probationer in a probation revocation hearing would not bar a subsequent criminal trial based on the same acts alleged in the probation revocation petition. The obvious converse of that holding is that a decision in a revocation proceeding adverse to the probationer cannot be used by the State to prevent a criminal defendant from obtaining a decision by the trial court in the criminal case on the merits of the issues raised therein. We hold, therefore, that the trial court erred in refusing on the ground that the issues had been ruled on in the revocation proceeding to conduct a hearing on and render a decision on the merits of appellant's motion to suppress.

Although the motion was minimal, we disagree with appellee that it was insufficient to require an evidentiary hearing. Although it did not present much detail about the search, appellant's motion was as complete as the one discussed in *State v. Slaughter*, 252 Ga. 435 (315 SE2d 865) (1984).

We also reject appellee's argument that appellant waived his right to seek suppression of the evidence seized in a search of his home. The argument that appellant waived the right to insist on the motion because he did not object when the evidence was offered at

trial is controlled adversely to the State by *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981). The State's assertion that appellant waived the motion by announcing ready for trial is equally without merit: the trial court's remarks concerning appellant's announcement were made in regard to another matter; the announcement was not the reason the trial court declined to hold an evidentiary hearing; and appellant's counsel stated on the record that he had announced ready for trial subject to his motion to suppress. We find no waiver of appellant's right to a hearing on this motion to suppress and hold that the trial court erred in refusing to conduct a hearing and rule on appellant's motion to suppress.

2. The trial court's denial of appellant's motion in limine concerning photographs seized in the search is the subject of appellant's second enumeration of error. Numerous photographs made in appellant's house, most of them apparently depicting nude women, were seized during the search. Although reference was made to the large group of photographs, only a few were admitted at trial. Appellant argues that the photographs were irrelevant to the issues at trial and were offered only to inflame the jury against appellant because of his sexual behavior. However, the photographs which were offered and admitted into evidence each depicted, in addition to a woman, a bag of green leafy material consistent in appearance with marijuana. Under those circumstances, the photographs were items associating appellant with the crime for which he was being tried, and we find no error. *Felker v. State,* 252 Ga. 351 (5b) (314 SE2d 621) (1984).

3. In his third enumeration of error, appellant contends that the trial court's refusal to exclude the results of a scientific test requires reversal of his convictions. The test involved determined that white powder on a razor blade was cocaine. The State sought to excuse its failure to serve appellant with the test results in a timely fashion by showing that the test was not ordered until it was too late to get the results 10 days before trial. See OCGA § 17-7-211. In fact, it transpired at trial that the prosecuting attorney had not received a copy of the test results from the witness until after the witness testified at trial. Nonetheless, appellant contends that the fact that the State knew the test had been conducted obligated it to obtain the results and serve him with them. For reasons stated below, we find it unnecessary to decide in this case whether there was a violation of the statutory discovery rights of an accused. We do wish to note that although there is no indication in the record of this case of purposeful failure to obtain the results of the test, we will not condone the intentional failure to receive results of scientific tests as a tactical measure which prevents the defense from discovering such results.

In the present case, any error which may have resulted from the failure of the State to obtain and provide to appellant the results of

the test of the powder on the razor blade was harmless because there had already been admitted evidence of appellant's possession of more than 28 grams of cocaine. When properly admitted evidence of guilt is so overwhelming as to negate the possibility that the tainted evidence contributed to the verdict, the error may be harmless (*Ellis v. State*, 256 Ga. 751 (2) (353 SE2d 19) (1987)), and we find it so here.

4. Appellant's fourth enumeration of error is directed to the denial of his motion for directed verdict. His argument, however, concerns the admission of evidence seized in the search of his home, an issue properly addressed in a motion to suppress. We have nonetheless examined the record and found evidence sufficient to authorize any rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows, therefore, that there was no error in denying appellant's motion for a directed verdict of acquittal. *Garrett v. State*, 184 Ga. App. 715 (3) (362 SE2d 423) (1987).

5. The last two enumerations complain of the State's failure to make timely service of the list of witnesses and of the trial court's denial of appellant's motion for a continuance based on the untimely service of the list. We find no error.

"[T]he 'transcending purpose of [OCGA § 17-7-110] is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial.' [Cit.] . . . 'What is required is that the list must be complete within a reasonable time before trial so that the defense may be adequately prepared. What constitutes a reasonable time before trial must depend upon the nature of the case, the number of the state's witnesses, the nature of their testimony, and any other factor which may logically bear upon the question.' [Cit.]" *Ellis v. State*, 248 Ga. 414 (3) (283 SE2d 870) (1981). The record of this case shows that a list of six witnesses was served on defense counsel three days before the trial began. Of those six witnesses, however, it appears that defense counsel was unaware of only one witness's connection with the case. The trial court noted that defense counsel already knew of the other five, that he had cross-examined several of them at the revocation hearing, and that he would have time before the trial commenced to interview the one with whom he was not familiar. Considering the factors listed in *Ellis*, we find no abuse of the trial court's discretion in refusing to exclude the testimony of the witnesses whose names were provided the week of trial or to continue the case to permit counsel to investigate.

6. We have considered appellant's enumerations of error and have found none of them to be meritorious except the second, complaining of the denial of appellant's motion to suppress. Since that error permitted the introduction of evidence without giving appellant

the opportunity granted by statute to contest in this prosecution the legality of the search of his home, we cannot say that it is harmless beyond a reasonable doubt. We therefore remand this case to the trial court with direction to conduct a hearing on appellant's motion to suppress. Should the trial court grant appellant's motion, he would be entitled to a new trial. Should the trial court, however, deny appellant's motion on the merits, appellant would be entitled to file a new appeal from his conviction, an appeal limited in scope to the denial of the motion to suppress. See generally *State v. Slaughter*, supra at 441; *Cofield v. State*, 247 Ga. 98 (3) (274 SE2d 530) (1981).

*Case remanded with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 17, 1989.

*William D. Smith*, for appellant.

*Frank C. Winn, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.