## A91A0790. TALLEY v. THE STATE.
(408 SE2d 463)

BIRDSONG, Presiding Judge.

Janice Diane Talley appeals the judgment of conviction of two counts of violation of the Georgia Controlled Substances Act by possessing marijuana with intent to distribute exceeding one ounce and by possessing marijuana exceeding one ounce, respectively, and the sentence. *Held:*

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State,* 195 Ga. App. 463 (1) (393 SE2d 737).

2. Appellant has expressly abandoned her first enumeration of error, based on the receipt of new information rendering the issue moot.

3. Appellant asserts the trial court erred in denying her suppression motion.

(a) The trial court ruled collateral estoppel barred a re-litigation of the same issues raised in the case at bar regarding the legality of the search, as the court previously had ruled during a probation revocation proceeding concerning another indictment that the search of appellant's premises and automobile was valid. Appellant questions whether this court can rule on the trial court's denial of the grounds of collateral estoppel of appellant's motion to suppress evidence and

argues that the trial court failed to incorporate into this record, except by reference, its prior ruling on the legality of the search warrant.

This court does not lack judicial power to consider and dispose of this issue; rather, it has been vested with such broad judicial power "as necessary in aid of its jurisdiction or to protect or effectuate its judgments." Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Further, we have the authority to take judicial notice of records on file in this court. *Backus Cadillac-Pontiac v. Ernest*, 195 Ga. App. 579 (394 SE2d 367). Accordingly, we take judicial notice of the record in A90A0314, *Talley v. State*, including but not limited to appellant's motion to suppress, filed August 4, 1989, the transcript of the probation revocation proceedings of August 9, 1989, and the order of the trial court, filed August 21, 1989, wherein appellant's motion to suppress was denied. Additionally, the hearing transcript of the probation revocation proceedings was tendered and implicitly accepted in evidence by the trial court when it reissued its ruling declining to relitigate most of appellant's search warrant issues. However, the issues concerning whether the affidavit was executed at the time the search warrant was issued were deemed to be not subject to the collateral estoppel doctrine, and the trial court found as fact that "the affidavit was with the search warrant and executed at the same time."

Estoppel by judgment is sometimes referred to as collateral estoppel or as estoppel by verdict. *Smith v. Wood*, 115 Ga. App. 265, 266 (1) (154 SE2d 646). " '[E]stoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit.' " *Pitts v. Attaway*, 259 Ga. 455, 457 (3) (384 SE2d 629).

Appellant does not argue in her brief or provide any citation of authority to establish that the trial court applied the doctrine of estoppel by judgment as to any matters which were not directly decided during the probation revocation hearing wherein the court made certain findings of fact and denied appellant's suppression motion. Accordingly, this issue has been abandoned on appeal. Court of Appeals Rule 15 (c) (2).

The trial court did not err in applying the doctrine of collateral estoppel in the disposition of appellant's suppression motion. Appellant had a full and fair opportunity to litigate those Fourth Amendment issues during the probation revocation proceedings. See *Jacobs v. Hopper*, 238 Ga. 461 (233 SE2d 169).

(b) Additionally, Lieutenant Edge initially observed marijuana in appellant's home while he was therein, during the absence of the owner, for purposes of investigating a burglary that had just been committed on the premises and discovered by police officers in response to a citizen's report of suspicious males around the premises.

We find that all entries into the premises by the police prior to vacating the premises to obtain a search warrant were reasonable under the totality of the existing circumstances, particularly as the police were not on the premises to investigate suspected criminal activity of appellant homeowner, but rather were attempting to protect the absent appellant's property and investigate a burglary found to have been committed on the premises. We find the marijuana observed by Lieutenant Edge to have been in "plain view" from his lawful vantage point within the house. "The subjective intent of an officer and the fact that actions taken may have dual motives do not preclude the conclusion that no impermissible invasion occurred because they were objectively reasonable, 'valid independent of their suspicion,' under the Fourth and Fourteenth Amendments. [Cit.] An officer is not required to ignore what he observes when legitimately acting in another capacity." *State v. Almand,* 196 Ga. App. 40, 41 (395 SE2d 609). "As recently stated in . . . *Horton v. California,* [495] U. S. ___, (110 SC 2301, 110 LE2d 112) (1990), '(i)f an article is already in plain view, neither its observation nor its seizure (involves) any invasion of privacy. . . .'" *Bozeman v. State,* 196 Ga. App. 743, 744 (1) (397 SE2d 30). Moreover, "[i]n *Horton,* the Supreme Court abolished the 'inadvertence' requirement as it had developed from the plurality opinion in *Coolidge v. New Hampshire,* 403 U. S. 443 (91 SC 2022, 29 LE2d 564)." *State v. Almand,* supra at 42. Thus, the record establishes no unlawful search or seizure by the police of the premises before the search warrant was sought.

(c) The trial court found as a fact that the affidavit supporting the search warrant accompanied the warrant and was executed at the same time. "As a general rule, the trial court's decision on [disputed] questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." (Punctuation omitted.) *Santone v. State,* 187 Ga. App. 789, 790 (371 SE2d 428). The trial court's findings of fact were adequately supported by evidence of record.

(d) Pretermitting the question of whether the search warrant in fact was issued by the magistrate upon an adequate showing of probable cause is the question whether the police reasonably could rely upon the warrant under the good faith exception to the exclusionary rule. We conclude they could.

The exclusionary rule "has been ' "modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance (by an officer) on a search warrant that is subsequently held to be defective." ' *United States v. Leon,* 468 U. S. 897, 905 (I) (104 SC 3405, 82 LE2d 677)." *Debey v. State,* 192 Ga. App. 512, 513 (385 SE2d 694). " ' "(A) warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conducting the search." (Cit.)' *United States v. Leon,* supra at 922." *Adams v.*

*State*, 191 Ga. App. 916, 917 (383 SE2d 378). "Nevertheless, the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable." *Leon*, supra at 922. And this applies both to the officers who initially obtained the warrant and those who subsequently executed it. *Leon*, supra at 923, n. 24. Therefore suppression does remain an appropriate remedy in certain instances, which basically include: the magistrate or judicial officer issuing the warrant being misled by inaccurate information caused by the knowing or reckless falsity of the officers in preparing the affidavit; an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; the warrant being so facially defective that the executing officers cannot reasonably presume it to be valid; and, those instances where the issuing magistrate wholly abandons his judicial role. *United States v. Leon*, supra at 923; *State v. Evans*, 192 Ga. App. 216, 222 (384 SE2d 404).

Moreover, existence of technical defects in a search warrant or its accompanying affidavit will not preclude the existence of objective good faith on the part of the police in relying on the validity of the warrant. See *State v. Evans*, supra at 222, citing *Massachusetts v. Sheppard*, 468 U. S. 981 (104 SC 3424, 82 LE2d 737). In fact, factual inaccuracies in the affidavit will not destroy an otherwise adequate showing of probable cause if they are of peripheral relevance, and particularly if they are not based on the personal observations of the affiant and thus do not reflect on his credibility. *Summerville v. State*, 226 Ga. 854 (1) (178 SE2d 162); compare *Rimmer v. State*, 197 Ga. App. 294 (398 SE2d 282). Likewise, factual inaccuracies of peripheral relevance will not preclude the good-faith exception to the exclusionary rule.

Any inaccuracies in this search warrant or affidavit were either technical in nature or of peripheral relevance, including the inaccurate statement in the affidavit that two suspects, rather than one suspect, were under arrest. Based on the totality of the circumstances, we find the law enforcement officials acted in objective good faith, within the meaning of *Leon*, in both obtaining and executing the search warrant and that any deficiency in the warrant or its affidavit would not result in the invocation of the exclusionary rule.

The correct decision of a trial court will not be reversed regardless of the reason ascribed thereto. *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268). The trial court did not err in denying appellant's motion to suppress.

4. Appellant asserts the trial court erred in sentencing her on both counts of the indictment. Appellee has not responded in its appellate brief to this enumeration of error, and accordingly, has abandoned its right to present argument or citation of authority in opposi-

tion thereto. In carefully considering the validity of appellant's enumeration, we will not cull the record in behalf of either appellant or the State as " '[i]t is not the function of this court to cull the record on behalf of a party.' " *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251).

The two counts of which appellant was convicted and sentenced aver appellant did at the same date and place violate the Georgia Controlled Substances Act in that she "unlawfully did possess marijuana with intent to distribute, in an amount exceeding one (1) ounce" and "unlawfully did possess marijuana in an amount exceeding one (1) ounce," respectively. Appellant argues that she can be convicted and punished of only one crime because possession of marijuana in an amount exceeding one ounce is a lesser included offense of possession of marijuana with intent to distribute in an amount exceeding one ounce. OCGA §§ 16-1-6 and 16-1-7 establish alternative rules for determining when one crime is included in another so as to bar conviction and punishment for more than one crime. *State v. Estevez*, 232 Ga. 316 (206 SE2d 475). With respect to punishment, "a crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact or as a matter of law as specified in [OCGA §§ 16-1-6 and 16-1-7 (a) (2)]." (Emphasis deleted.) *State v. Estevez*, supra at 319-320.

We find that as a matter of law the offense of possession of marijuana, as averred in count two of the indictment was a lesser included offense of the offense of possession of marijuana with intent to distribute, as averred in count one of the indictment. The counts on their face show that the possession charge can be established by proof of a less culpable mental state (general criminal intent) than is required to establish the commission of possession with intent to distribute (specific criminal intent to distribute). Thus, as crafted, the possession charge is a lesser included offense as a matter of law. OCGA § 16-1-6 (a). Also, count two prohibits a designated kind of conduct generally, that is the *possession* of marijuana while count one prohibits a specific instance of such possession, that is a possession with intent to distribute. OCGA § 16-1-7 (a) (2). Finally, as the counts of the indictment are crafted, both counts can be established by proof of the same facts, and the jury may well have relied upon the same set of facts to find appellant guilty of both counts. Thus, the possession count, as averred, was also a lesser included offense as a matter of fact. OCGA § 16-1-6 (a); *Buford v. State*, 162 Ga. App. 498, 499 (4) (291 SE2d 256); see *Iglesias v. State*, 191 Ga. App. 403 (1) (381 SE2d 604). The conviction and punishment for possession of marijuana, count two, will be stricken. *Buford*, supra at 500.

It is well established that " '[i]f the indictment sets out the offense as done in a particular way, the proof must show it so, or there

will be a variance." *Feagin v. State*, 198 Ga. App. 460, 461 (2) (402 SE2d 80). However, we need not decide whether the State could have tailored its indictment so as to predicate one of the counts on the marijuana found in the house and one of the counts on the marijuana found in the car, thereby creating two separate offenses by inserting additional elements of proof by means of averment into each count and causing a different factual predicate to be required as to each offense. Suffice it to say they did not so craft the averments within the criminal counts in this case.

*Judgment affirmed in part and reversed in part in accordance with Division 4 herein. Pope and Cooper, JJ., concur.*

### ON MOTION FOR RECONSIDERATION.

Appellant has attempted to attach a certain document, captioned "Motion to Suppress and Brief in Support Thereof," to her motion for reconsideration. Although a record cannot be supplemented by information contained in a motion for reconsideration or attached thereto (*Norman v. State*, 197 Ga. App. 333, 337 (398 SE2d 395)), this same document appears in the record of the case sub judice and was duly considered during the course of our review of this case..

Appellant has listed in her motion for reconsideration certain so-called enumerations of error, which deviate either in whole or part from the enumerations of error originally filed in support of the Notice of Appeal. As a general rule enumerations of error cannot be amended, as has here been attempted in appellant's pro se motion for reconsideration, when the time for filing of the original enumeration has passed. *Garmany v. Peavy*, 122 Ga. App. 466 (177 SE2d 502); accord *Johnson v. Amerson*, 179 Ga. App. 75, 76 (3) (345 SE2d 94). Further, " '[a]n enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel [or by statements in motions for reconsideration] to include issues not made in the enumeration. . . . One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold.' " *West v. Nodvin*, 196 Ga. App. 825, 830 (4b) (397 SE2d 567). Accordingly, except for the issue of ineffective assistance of counsel on appeal, which will herein be addressed in the interests of judicial economy, enumerations of error asserted for the first time in the motion for reconsideration will not be addressed.

Appellant asserts she was subjected to ineffective assistance of counsel on appeal, because "counsel failed to include the entire record of the case at bar as a portion of the transcript was not included when the case at bar was appealed." Although appellant has failed to identify with precision that portion of the record which is alleged to have been omitted, we conclude she is referring to the transcript of the

448

revocation hearing which she cites extensively in support of her motion for reconsideration. Pretermitting the question whether counsel's election not to include this transcript was a matter of appellate tactics is the question whether any prejudice flowed against appellant due to such omission. Assuming arguendo appellant's counsel had been deficient as alleged, failure to forward the revocation hearing transcript with the trial record could not have affected the outcome of the appeal in the case sub judice. This court took judicial notice and duly examined the relevant contents of the record in A90A0314, which is on file with this court, and expressly acknowledged this appellate action in Division 3 of our opinion. Among those documents considered was the entire revocation hearing transcript cited by appellant in her motion for reconsideration. Accordingly, as a matter of law, appellant has failed to show that there is a reasonable probability that, but for counsel's asserted deficiency, the result of this appeal would have been different. See *Jowers v. State*, 260 Ga. 459, 461-462 (2) (396 SE2d 891).

Appellant's other assertions are without merit.
*Motion for reconsideration denied.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 12, 1991 — 

*Caleb B. Banks*, for appellant.
Janice Talley, *pro se.*
*Robert F. Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.

