## A96A0219. QUINN v. THE STATE.

(471 SE2d 337)

McMurray, Presiding Judge.

Defendant Quinn appeals his conviction of the offenses of trafficking in cocaine, trafficking in methamphetamine, possession of a firearm during commission of a crime, giving false name to a law enforcement officer, forgery in the second degree, and possession of a firearm by a convicted felon. *Held*:

1. Defendant was initially indicted under a false name he had given law enforcement officers and a timely motion to suppress evidence was filed in that case. After defendant's correct name became known, he was indicted once more, and it is the charges presented in this second indictment for which defendant has been convicted. An amended, or second, motion to suppress evidence was also filed under the case number assigned the second indictment, that is the case on appeal, but not until several weeks after arraignment.

A motion to suppress evidence was also filed on defendant's behalf in an in rem civil condemnation action against certain personal property seized at the time of defendant's arrest. In the civil case, a hearing on the motion to suppress was conducted at which defendant was a party, present, and represented by counsel, the same attorney who later represented him in this criminal case. The motion to suppress evidence in the civil case was denied.

No hearing on a motion to suppress evidence was conducted in the present criminal case. At a pretrial motions hearing, the question of whether there was a proper pending motion to suppress evidence was reached by the trial court. The trial court concluded that the motion to suppress evidence filed in the case begun by the first or false name indictment had not been transferred to the present case begun by the second indictment using defendant's correct name. The amended or second motion to suppress evidence which was filed under the caption of the second indictment was determined to have not been timely filed. The trial court also determined that even if there had been a properly filed motion to suppress, any issue raised therein had been resolved by the ruling on the motion to suppress evidence in the civil condemnation case. The trial court in effect took judicial notice of the evidence at the motion to suppress hearing in the civil proceeding and incorporated that evidence into the record of the case sub judice.

Defendant enumerates as error the failure to hold a hearing on his motion to suppress evidence as amended. In the alternative, defendant maintains that trial counsel was ineffective due to his failure to file a motion to suppress evidence at or before arraignment in the case sub judice.

First, the trial court was correct in concluding that the second or

amended motion to suppress evidence was not timely because it was filed after arraignment. Both Uniform Superior Court Rule 31.1 and case law predating this rule, construing OCGA § 17-5-30, require this conclusion. *Baseler v. State*, 213 Ga. App. 822 (446 SE2d 250); *Davis v. State*, 203 Ga. App. 315, 316 (3) (416 SE2d 789).

We also agree that the first motion to suppress evidence was not sufficient to require an evidentiary hearing, albeit our reasons for reaching this conclusion are different than those stated by the trial court. OCGA § 17-5-30 (b) requires that a motion to suppress evidence "state facts showing that the search and seizure were unlawful." Unless defendant has satisfied this requirement the State is under no duty to present evidence in rebuttal. *Brown v. State*, 218 Ga. App. 469, 470 (1) (462 SE2d 420); *Wilson v. State*, 197 Ga. App. 181, 183 (397 SE2d 744). Since mere conclusions unsupported by facts, such as contained in defendant's first motion to suppress evidence, do not satisfy this requirement, no evidentiary hearing was required due to that motion. *Martin v. State*, 195 Ga. App. 548, 549 (3), 550 (394 SE2d 551).

2. It is not customary to acknowledge issues not reached or necessary to a decision, but exceptional circumstances require that we do so here. In an apparent response to the trial court's recognition and reliance upon the "motion to suppress evidence hearing" in the civil forfeiture case, the parties have argued a number of questions concerning whether that hearing may have any res judicata or collateral estoppel effect in this subsequent criminal case. We are unable to reach the questions addressed by the parties because the record on appeal fails to show a final judgment in the civil condemnation case because no ruling has been entered with regard to at least some of the property claimed by defendant. A final judgment is required before any possibility of application of the doctrines of res judicata or collateral estoppel may arise. *Helton v. State*, 217 Ga. App. 691, 692 (1) (c), 693 (458 SE2d 872); *Adcock v. State*, 194 Ga. App. 627, 629 (4) (391 SE2d 438); *Clark v. State*, 194 Ga. App. 280 (1), 281 (390 SE2d 425); *Hunter v. State*, 191 Ga. App. 769, 771 (382 SE2d 679).

Defendant relies upon *Harvill v. State*, 190 Ga. App. 353 (378 SE2d 917), in which this Court remanded that case to the trial court to conduct a motion to suppress hearing even though an evidentiary hearing on the validity of that search had been afforded during the proceedings leading to a revocation of probation. Yet, in *Talley v. State*, 200 Ga. App. 442 (3) (a) (408 SE2d 463), which the State would have us follow, this Court approved of a trial court's denial of a motion to suppress evidence on the basis that collateral estoppel barred a re-litigation of the same issues raised regarding the legality of the search during a probation revocation proceeding. Since resolution of this matter is not necessary to the decision of the case sub

judice, we address this topic solely to alert the bench and bar. See also *Pitts v. State of Ga.*, 207 Ga. App. 606 (1) (428 SE2d 650) and *State v. Jones*, 196 Ga. App. 896 (397 SE2d 209).

3. Now we reach the question of whether, in failing to file a proper and timely motion to suppress evidence, defendant's trial counsel was ineffective. The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense, that is, whether there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency. Here, it is uncontroverted that trial counsel's performance was deficient in failing to file a timely motion to suppress evidence, and argument is directed exclusively to the issue of whether this deficiency prejudiced the defense. Defendant's burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed. *Ruffin v. State*, 201 Ga. App. 792 (2), 793 (2) (a) (412 SE2d 850). In this regard, defendant relied upon the trial evidence and presented no additional evidence at the hearing on his motion for new trial. Based upon that evidence, a conclusion by the trial court that a motion to suppress evidence would not have been successful, that is, that defendant had been afforded effective counsel was not clearly erroneous and must be upheld.

The incident at issue involves a deputy sheriff on a specialized patrol regimen known as armed robbery stakeout. This rather inarticulately named patrol regimen was used in an extremely high crime area and apparently was intended to aggressively utilize the lowest or least intrusive level of police citizen encounter, the voluntary conversation. The deputy was to check on people walking about or sitting in cars in parking lots.

The encounter at issue in the case sub judice occurred between the hours of 8:00 p.m. and 8:45 p.m. in a shopping center parking lot. It was dark, but the parking lot was lighted. There were two vehicles parked next to one another. A Jaguar was backed into a parking space, and a Trans Am was parked next to it. There was someone seated on the driver's side of the Jaguar leaning over towards the passenger's side. The passenger side door of the Jaguar was open, and defendant was on the ground kneeling and leaning over into the Jaguar. The deputy pulled up and parked in front of the cars. As he exited his car and walked over, the deputy saw defendant put something under the seat of the Jaguar and stand up. The driver of the Jaguar sat upright. The deputy asked the men what they were doing, and defendant stated he was looking to buy the Jaguar. The driver of the Jaguar gave a consistent answer. The deputy then asked the men

for identification, and they presented driver's licenses. The driver's license presented by defendant showed a name other than defendant's correct name, but appeared to be a genuine driver's license. After noticing a bag on the front seat of the Jaguar, the deputy asked what was in it, and neither of the men knew. After getting permission of both men, the deputy looked in the bag and found a large sum of money. The deputy called for another deputy to come assist him. When the deputy inquired about firearms, defendant responded that he had a gun in plain view on the seat of the Trans Am, and with defendant's consent the deputy got the gun. A sheriff's department sergeant arrived and, after being briefed by the deputy, opened the driver's door to the Jaguar to ask the driver to switch off the engine. At that time the sergeant noticed a second paper bag in the Jaguar, partially beneath the passenger's seat. The sergeant picked this second bag up and asked the Jaguar driver what was in it. After being told that he did not know, the sergeant asked permission to search the vehicle. Permission to search was denied, and the sergeant returned the second paper bag to where he had found it. The sergeant testified that he suspected the contents of the bag was contraband since it felt powdery and crunchy. Defendant and the driver of the Jaguar were secured in the back seats of separate patrol cars, and a drug dog was brought to the scene. The dog alerted on the passenger side door of the Jaguar, and the officers proceeded to obtain a search warrant. The Jaguar was subsequently searched pursuant to a search warrant.

Defendant contends that a strong argument could have been made on his behalf to suppress the items seized from his vehicle and person. These items include a gun, a driver's license under a false name, a beeper, and money found on defendant's person.

The argument made by defendant is based upon the premise that his person was seized by the first deputy on the scene when the deputy's patrol car was parked so as to prevent the departure of his vehicle. But defendant was kneeling or standing in the parking lot, and was not in his car. Undoubtedly there is authority that blocking the path of a moving vehicle, or even an occupied immobile vehicle may constitute a seizure of the occupants thereof. However, we cannot find, nor has defendant cited, any authority suggesting that briefly stopping a patrol car so as to block the path of egress of an unoccupied vehicle amounts to a seizure of anyone. When the deputy stopped his patrol car, defendant was afoot and was free to walk away. Nor did a seizure necessarily occur when the deputy approached defendant, asked a few questions, and asked to examine identification. No seizure had occurred so long as a reasonable person would feel free to disregard the deputy's request and go about his business, that is, so long as the deputy did not convey a message that

compliance with his requests was required. *Burns v. State*, 216 Ga. App. 178, 179 (454 SE2d 152); *Crosby v. State*, 214 Ga. App. 753, 755 (449 SE2d 147).

The trial court was authorized to conclude that a hearing on a motion to suppress evidence would probably result in a conclusion that a reasonable person in defendant's circumstances would feel that he was free to go prior to the discovery that the paper bag in the Jaguar contained a large amount of money. The trial court would also be authorized to find that, upon discovery of the large sum of money in the bag, a seizure of the person of defendant was proper. This would lead to conclusions that any motion to suppress evidence would have had little chance of success, and that the failure of defendant's trial counsel to file a motion to suppress evidence did not amount to a denial of effective assistance of counsel.

4. Defendant's next enumeration of error maintains that the trial court erred in allowing the State to introduce the testimony of certain similar transaction witnesses. While the State has aptly argued that no objection was made at trial preserving this issue because no ground for defendant's objection was stated, our reading of the surrounding colloquy suggests that the objection was understood by all present to be directed to the timeliness of the notice of similar transaction, and we will consider that issue on its merits. The notice was served within the ten-day notice period required by USCR 31.1 and indeed after the trial commenced. However, the State did not discover the similar transaction until after the trial had started and immediately informed defense counsel of its intent to introduce this evidence. A hearing was held to determine the admissibility of the similar transaction. Defense counsel was provided with an opportunity to interview the similar transaction witnesses, but this opportunity was waived by defense counsel.

There was some delay by the prosecuting attorney in providing defendant with the identity of the similar transaction witnesses, and in this connection, we note the absence of any demand by defendant for a list of the State's witnesses pursuant to then applicable OCGA § 17-7-110. The prosecuting attorney's stated purpose for delaying the disclosure of this information was to protect the physical safety of the witnesses. Neither the adequacy of this explanation nor the trial court's exercise of discretion in accepting the explanation is challenged by the sole issue preserved for appellate review.

USCR 31.1 authorizes the trial judge to shorten the time required for giving notice of a similar transaction. The trial court's exercise of its discretion in this regard is particularly appropriate where the State cannot give notice of its intention to introduce evidence ten days prior to trial because it is not aware of the existence of such evidence at that time. See *Johnson v. State*, 219 Ga. App. 547,

548 (1) (a) (466 SE2d 63) and *Gilstrap v. State*, 199 Ga. App. 223, 226 (6), 227 (404 SE2d 629), rev'd on other grounds, 261 Ga. 798 (410 SE2d 423). Under the circumstances of the case sub judice, we find no abuse of discretion in the trial court's shortening the period for notice of similar transaction.

5. The final enumeration of error contends that the trial court erred in allowing the State to elicit testimony of prior drug transactions between defendant and the driver of the Jaguar without providing the notice and due process required by USCR 31.3 and *Williams v. State*, 261 Ga. 640 (409 SE2d 649). The driver of the Jaguar was indicted as a co-defendant of defendant on the charges of trafficking in cocaine and methamphetamine. At trial, the co-defendant acknowledged his guilt of those crimes and stated his intent to plead guilty to those charges during his testimony as a prosecution witness. This witness then testified as to a number of other drug transactions of a similar amount and nature with defendant within Douglas County during the preceding two years. Defendant's objection that this amounted to similar transaction evidence concerning which no notice had been provided was overruled apparently on the basis of the holding in *Chezem v. State*, 199 Ga. App. 869, 870 (3), 871 (406 SE2d 522). *Chezem* recognizes that so-called similar transaction evidence may be evidence of guilt of the crime charged where the prior incidents involved the same offense, in the same jurisdiction, and occurred within the period of the statute of limitation. "Evidence of guilt of an accused is not restricted to the day mentioned in the indictment or accusation, but may extend to any appropriate date previous to the finding in the indictment or accusation, and within the statute of limitation from the prosecution of the offense charged." Id. at 871. See also *Ledesma v. State*, 251 Ga. 885 (311 SE2d 427).

On appeal, defendant does not argue that *Chezem* has been misapplied, but contends that the scope of this decision should be restricted to those crimes that may be proven by the testimony of a single witness or at least to crimes where the State is able to prove all of the elements of the crime charged. But this sort of retrospective analysis concerning the admissibility of evidence is not amenable to application in our judicial system. Since the testimony in question was clearly evidence of the crime charged, it was properly admitted by the trial court. This enumeration of error is without merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur in the judgment only.*

DECIDED MAY 14, 1996 — 

*Timothy P. Healy*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.