## A01A0967. DORSEY v. THE STATE.
(554 SE2d 278)

BARNES, Judge.

Lloyd Dorsey appeals from the trial court's order denying his plea of former jeopardy. Dorsey claims the doctrine of collateral estoppel precludes the State from relitigating a motion to suppress in the criminal case against him because a different judge in a civil forfeiture action granted a motion to suppress based on the same evidence. Because we find the collateral estoppel doctrine does not apply in a criminal case following a final judgment in a civil forfeiture action, the trial court properly denied Dorsey's double jeopardy claim.

The record shows that following the execution of a search warrant, Dorsey was indicted for trafficking in cocaine, possession of cocaine with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. The State also filed a civil forfeiture proceeding against $19,175 and other various items, such as electronics, jewelry, and guns, found during the search. The State instituted both the criminal action and the civil forfeiture action in Fulton Superior Court, but the two cases were assigned to different judges. On February 14, 2000, Dorsey filed identical motions to suppress in both the criminal and the civil forfeiture actions, asserting that the search warrant contained an illegal "no-knock" provision and lacked probable cause.

On February 29, 2000, the judge presiding over the civil forfeiture proceeding held a hearing on Dorsey's motion to suppress, but did not file an order granting the motion with the clerk's office until March 9, 2000.

On March 9, 2000, the judge presiding over the criminal proceeding held a hearing on Dorsey's motion to suppress, signed a written order denying the motion, and filed it with the clerk's office on the same day. Because the superior court clerk's office does not enter the time documents are filed, we cannot determine which of the orders was filed first.

On April 12, 2000, the civil forfeiture judge entered a final judgment in favor of Dorsey and ordered that the property be returned to him. When the State failed to appeal this order, Dorsey filed a plea of former jeopardy in the criminal action on May 17, 2000. Dorsey argued in his plea that collateral estoppel required the judge in the criminal action to grant the motion to suppress and his plea of former jeopardy. After a hearing, the criminal trial judge denied Dorsey's plea of former jeopardy. Dorsey now appeals the denial of this plea.

1. (a)

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be

subject for the same offense to be twice put in jeopardy of life or limb." The Georgia Constitution also contains a double jeopardy clause which provides that "no person shall be put in jeopardy of life or liberty more than once for the same offense." Ga. Const. 1983, Art. I, Sec. I, Par. XVIII. Further, OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct.

(Citations omitted.) *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995).

In *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970), the U. S. Supreme Court held that the doctrine of collateral estoppel is embodied in the guarantee against double jeopardy. The Supreme Court described collateral estoppel as: "an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Id. at 443. Thus, the State of Missouri could not prosecute a defendant for the robbery of one of six victims in the same robbery after a jury in another case had determined that the defendant did not rob one of the other victims.

Dorsey urges us to apply collateral estoppel in this case even though the first action to resolve the motion to suppress was not the prosecution of a crime for which he could be punished, but instead a civil forfeiture action. This we cannot do. A civil forfeiture proceeding is a civil action and does not seek to impose the punishment necessary to activate the protection against double jeopardy. *Murphy v. State*, 267 Ga. 120, 121 (475 SE2d 907) (1996); *Rojas v. State*, 226 Ga. App. 688, 689 (487 SE2d 455) (1997); *Cuellar v. State*, 230 Ga. App. 203 (496 SE2d 282) (1998). If double jeopardy does not arise from a civil forfeiture action in general, then resolution of an issue in the civil forfeiture action should not result in the application of double jeopardy through the collateral estoppel doctrine. See *Robertson v. Texas*, 2001 Tex. App. LEXIS 1650 (collateral estoppel did not apply to motion to suppress filed in prosecution for DUI based on finding of no probable cause to arrest in driver's license suspension hearing). Simply put, double jeopardy does not apply because Dorsey was not subjected to multiple criminal prosecutions. The trial court properly denied Dorsey's plea of former jeopardy.

(b) Because this case involves a ruling on a motion to suppress in a civil forfeiture proceeding, as opposed to a probation revocation proceeding, we need not address any alleged inconsistencies in our

decisions in *Harvill v. State*, 190 Ga. App. 353 (378 SE2d 917) (1989) and *Talley v. State*, 200 Ga. App. 442 (408 SE2d 463) (1996). See *Quinn v. State*, 221 Ga. App. 399, 400-401 (2) (471 SE2d 337) (1996).

2. During oral argument of this appeal, appellant asserted for the first time that this Court should apply the civil concept of collateral estoppel regardless of whether jeopardy attached in the civil forfeiture proceeding. Appellant did not raise this argument in the trial court or in its written submissions to this Court. " 'We do not consider issues raised for the first time on appeal, because the trial court has not had opportunity to consider them.' [Cit.]" *Padilla v. Melendez*, 228 Ga. App. 460, 461 (1) (491 SE2d 905) (1997). Moreover, assertions of error not timely raised on appeal are generally waived. *Hittson v. State*, 264 Ga. 682, 690 (15) (449 SE2d 586) (1994), overruled on other grounds, *Nance v. State*, 272 Ga. 217, 220 (2), n. 2 (526 SE2d 560) (2000). Finally, "the civil doctrines of 'res judicata' and 'collateral estoppel' have no real application to a criminal case. The proper, analogous bar in a criminal prosecution is under the principle of 'double jeopardy,' which is clearly not applicable under the facts of this case." *Carter v. State*, 231 Ga. App. 42, 43, n. 2 (497 SE2d 812) (1998).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 21, 2001 —
RECONSIDERATION DENIED SEPTEMBER 25, 2001 — ▮▮▮▮▮▮▮

*Brian Steel*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.