A09A2060. THACKSTON v. THE STATE.

(694 SE2d 136)

BERNES, Judge.

After methamphetamine was seized from the person and home of probationer Hulon Thomas Thackston, Jr., the state indicted him for certain drug-related offenses and sought to revoke his probation. Thackston moved to suppress the methamphetamine in his criminal case and in his probation revocation case. The trial court in the criminal case granted the motion to suppress, and the criminal charges were nolle prossed. Thackston then filed a plea in bar in his probation revocation case, arguing that the state was precluded from relitigating the suppression issue based upon the doctrine of collateral estoppel. The probation court disagreed and denied the plea in bar, declined to suppress the methamphetamine, and revoked Thackston's probation. Thackston filed an application for discretionary review from the order revoking his probation, which we granted. For the reasons discussed below, the probation court erred in denying Thackston's plea in bar because relitigation of the motion to suppress was precluded by the collateral estoppel doctrine. Accordingly, we reverse.

The relevant facts are not in dispute. In 2001, Thackston pled guilty in Douglas County to several offenses relating to the sale and distribution of methamphetamine. He thereafter was released on probation.

On March 24, 2007, officers with the Paulding County Sheriff's

Office stopped Thackston for a traffic violation, searched his vehicle and his person, discovered methamphetamine in his pants, and arrested him. Paulding County charged Thackston with possession of methamphetamine, and Douglas County issued a probation warrant for his arrest as a result of the new drug offense.

On October 10, 2007, Thackston was arrested on the probation warrant at his residence in Paulding County. While executing the arrest warrant, officers observed methamphetamine on the kitchen table. Later that day, officers applied for, obtained, and executed a warrant to search for drugs in Thackston's residence, and they found additional methamphetamine and drug paraphernalia. Following the search, Paulding County charged Thackston with trafficking in methamphetamine, and Douglas County amended the revocation petition to reflect that additional drugs had been seized.

In the Paulding County criminal case, Thackston moved to suppress the methamphetamine seized in both the March 2007 and October 2007 searches. The trial court granted the motion, finding that the search and seizure of the methamphetamine during the March 2007 traffic stop was unconstitutional. The trial court further concluded that the methamphetamine seized in October 2007 had to be suppressed as fruit of the poisonous tree.

Following the grant of the motion to suppress, the Paulding County prosecutor did not file a direct appeal challenging the trial court's ruling. See OCGA § 5-7-1 (a) (4).[1] Rather, the prosecutor moved for entry of a nolle prosequi on the drug charges against Thackston. In the motion, the prosecutor revealed his reasons for requesting entry of a nolle prosequi:

> A Motion to Suppress the drugs involved in this case has been granted by [the Judge]. There does not appear to be any valid ground to appeal this . . . ruling so as to overturn the Judge's decision. . . . [T]here is insufficient evidence to prove this case beyond a reasonable doubt.

The trial court granted the prosecutor's motion, and the drug charges were nolle prossed.

---

[1] OCGA § 5-7-1 (a) (4) provides:
 (a) An appeal may be taken by and on behalf of the State of Georgia from the superior courts . . . in criminal cases . . . in the following instances:
 . . . .
 (4) From an order, decision, or judgment suppressing or excluding evidence illegally seized or excluding the results of any test for alcohol or drugs in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first[.]

Thackston filed a motion to suppress in the Douglas County probation revocation case raising the identical issues asserted in the Paulding County criminal case. After the ruling on the suppression motion in the criminal case, Thackston also filed a plea in bar in the probation revocation case, arguing that the state was precluded from contesting the motion to suppress based upon the doctrine of collateral estoppel. The probation court denied Thackston's plea in bar after noting a conflict in our case law as to whether collateral estoppel applies in this circumstance. Compare *Talley v. State*, 200 Ga. App. 442, 442-443 (3) (a) (408 SE2d 463) (1991),[2] with *Harvill v. State*, 190 Ga. App. 353, 354 (1) (378 SE2d 917) (1989), and *Aikens v. State*, 143 Ga. App. 891, 892 (2) (240 SE2d 117) (1977). See *Quinn v. State*, 221 Ga. App. 399, 400-401 (2) (471 SE2d 337) (1996) (noting the conflict in Georgia law). After conducting an evidentiary hearing, the probation court denied Thackston's motion to suppress on the merits and revoked his probation. This appeal followed.

1. Thackston contends that the probation court erred in denying his plea in bar based upon the common law doctrine of collateral estoppel.[3] Under the common law, "[c]ollateral estoppel applies where an issue of fact or law is actually litigated and determined by a valid judgment, and the determination is essential to the judgment. That determination is then conclusive in a subsequent action between the same parties." (Punctuation and footnote omitted.) *Dickerson v. Dickerson*, 247 Ga. App. 812, 813 (1) (545 SE2d 378) (2001). See also *Swain v. State*, 251 Ga. App. 110, 113 (1) (552 SE2d 880) (2001). Applying this definition of collateral estoppel, we conclude that the state was precluded from relitigating the motion to suppress in the probation revocation case.

The same issues concerning the legality of the March 2007 and October 2007 searches were actually litigated in the prior criminal case, and the question of whether those searches were conducted in a legal manner was essential to resolution of the motion to suppress.[4]

---

[2] *Talley* was disapproved in part on other grounds by *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992).

[3] In arguing for the denial of Thackston's plea in bar, the state framed its collateral estoppel argument in terms of double jeopardy. See *Ashe v. Swenson*, 397 U. S. 436, 442-444 (90 SC 1189, 25 LE2d 469) (1970). Thackston, however, did not restrict his argument to the concept of collateral estoppel embodied in the constitutional guarantee against double jeopardy. Compare *Dorsey v. State*, 251 Ga. App. 640, 642 (2) (554 SE2d 278) (2001).

[4] The state argues that the issue of the validity of the October 2007 search warrant leading to the seizure of some of the methamphetamine was not actually litigated and determined in the prior criminal case. While the state made several arguments in the court below for why collateral estoppel should not apply in this case, it never made this argument. We do not consider new claims or issues presented for the first time on appeal. See *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998). In any event, Thackston argued in the prior criminal case that the October 2007 search warrant was tainted as fruit of the poisonous

Furthermore, both the criminal case and the probation revocation case involved the same parties — Thackston and the state.

The closer question is whether the finality requirement of collateral estoppel was met here, given that the state had the drug charges against Thackston nolle prossed in the criminal case following the grant of the motion to suppress. For the purposes of collateral estoppel, "final judgment" includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (1982) (hereinafter, "Restatement"). Factors supporting a conclusion that a decision is final for this purpose are "that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal." Restatement § 13 cmt. g.

Application of these factors leads us to conclude that the trial court's decision suppressing the methamphetamine in the criminal case should be considered a final judgment for purposes of collateral estoppel. The parties were fully heard on the motion to suppress in the criminal case. Moreover, it is clear that in granting the motion, the trial court considered the arguments of the parties, expressed its reasons for its decision, and did not consider its decision merely provisional or tentative.[5] Finally, and most notably, the trial court's grant of the motion to suppress was directly appealable by the state pursuant to OCGA § 5-7-1 (a) (4), yet the state declined to file such an appeal, instead seeking entry of a nolle prosequi on the ground that "[t]here does not appear to be any valid ground to . . . overturn" the suppression order. Under these circumstances, the trial court's grant of the motion to suppress in the criminal case was "sufficiently firm to be accorded conclusive effect." Restatement § 13.[6]

---

tree, asserting that under that doctrine, "the entry into the home, the subsequent search warrant, it's all no good." The trial court thereafter ruled that "any warrant" based on the original unconstitutional search and arrest was tainted and invalid. Hence, the issue of whether the search warrant was fruit of the poisonous tree was actually litigated and determined in the prior criminal case. See Restatement (Second) of Judgments § 27, cmt. d (1982) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated[.]"). In arguing otherwise, the state relies upon a colloquy involving the prosecutor, the court, and counsel for a co-defendant concerning production of the search warrant as part of discovery, but ignores Thackston's specific argument that the search warrant was tainted fruit and the trial court's ruling on that issue.

[5] We express no opinion concerning whether the trial court erred in holding that the search and seizure of the methamphetamine during the March 2007 traffic stop was unconstitutional, or that the methamphetamine seized in October 2007 was fruit of the poisonous tree. For purposes of assessing finality, we do not consider the substantive merits of the prior ruling. See Restatement § 13 cmt. g.

[6] Several other courts have reached a similar conclusion. See *Briggs v. Dept. of Public Safety*, 732 P2d 1078, 1081-1083 (III) (Alaska 1987) (applying Restatement factors to hold that,

The recent case of *Bell v. State*, 295 Ga. App. 607 (672 SE2d 675) (2009), does not require a different result. In *Bell*, the state obtained entry of a nolle prosequi in a previous criminal case against the defendant after the state concluded that it could not prevail on the defendant's motion to suppress. Id. at 607-608 (1). But nothing in *Bell* suggests that the trial court in the previous case held a hearing and then ruled upon the merits of the defendant's claim that the search and seizure violated the Fourth Amendment. See id. Because "the trial court made no decision on the merits" on the Fourth Amendment challenge, we held that the state was authorized to contest the merits of the defendant's motion to suppress in the second case. Id. at 608. In contrast, the trial court in Thackston's criminal case rendered a decision on the merits of the motion to suppress. Hence, *Bell* is inapposite to the situation here.

For these combined reasons, we conclude that the elements of the common law doctrine of collateral estoppel were met, and the state thus was barred from relitigating the suppression issue in the probation revocation case.[7] It follows that the probation court erred in denying Thackston's plea in bar, and that its order revoking Thackston's probation must be reversed.

Our decision in this case comports with *Talley*, 200 Ga. App. at 442-443 (3) (a),[8] but is in conflict with *Harvill*, 190 Ga. App. at 354

---

where state did not appeal suppression ruling, it was collaterally estopped from relitigating the suppression issue); *Illinois v. Williams*, 322 NE2d 461 (Ill. 1975) (where state did not appeal from suppression order, but dismissed indictment with leave to reinstate, state was barred under doctrine of collateral estoppel from using suppressed evidence in the prosecution under the second indictment); *Commonwealth v. Williams*, 725 NE2d 217, 219-222 (1) (Mass. 2000) (where state chose not to pursue interlocutory appeal from suppression order, but moved to dismiss first indictment, doctrine of collateral estoppel barred state from subsequently using suppressed evidence); *Oregon v. Swain*, 517 P2d 684 (Ore. 1974) (where state did not appeal suppression order even though law provided for an appeal, suppression order was a final determination, and without that determination reversed, state could not thereafter use evidence in prosecuting defendants). See also 6 LaFave, Search and Seizure, § 11.2 (f), p. 98 (4th ed. 2004) (noting that "[i]n those jurisdictions where the prosecution may take an interlocutory appeal, it is quite proper to view the failure to appeal as rendering the pretrial order [granting the motion to suppress] a final determination and res judicata, so that the order would be binding even in the event of a dismissal and reinstitution of the charges") (punctuation and footnote omitted).

[7] The result reached in this case is consistent with OCGA § 17-5-30 (b), which provides that if a motion to suppress is granted, the suppressed items "shall not be admissible in evidence against the movant in any trial." See also *Cook v. State*, 141 Ga. App. 241, 242 (233 SE2d 60) (1977) ("If the General Assembly had intended that the evidence could be used in any other trial they would not have used the language, 'it shall not be admissible in evidence against the movant in any trial.' Having once been suppressed, the evidence could not be used against the defendant in any trial. One cannot do indirectly what the law says may not be done directly.") (citations omitted).

[8] Although the doctrine of collateral estoppel worked in Thackston's favor under the circumstances of this case, it worked in the state's favor in *Talley*, 200 Ga. App. at 442-443 (3) (a). Fairly applied, collateral estoppel favors neither the accused nor the state.

(1), and *Aikens*, 143 Ga. App. at 892 (2). *Harvill* and *Aikens* erroneously reasoned that because the state can seek to revoke a defendant's probation even after he has been acquitted of the same allegations in a criminal trial,[9] and because the state can pursue a criminal prosecution even after a court declined to revoke the defendant's probation on the same allegations,[10] then the state likewise should be permitted to relitigate a motion to suppress. See *Harvill*, 190 Ga. App. at 354 (1); *Aikens*, 143 Ga. App. at 892 (2). Given the different burden of proof for establishing *the sufficiency of the evidence* in a criminal case and a probation revocation case, it stands to reason that a decision on the sufficiency question in one of those proceedings should not be given preclusive effect in the other proceeding. But the same is not true with respect to litigation over a motion to suppress, where the evidentiary framework is the same, irrespective of whether the motion is brought in a probation revocation case or a criminal case. See, e.g., *Adams v. State*, 153 Ga. App. 41, 42 (264 SE2d 532) (1980); *Amiss v. State*, 135 Ga. App. 784 (219 SE2d 28) (1975). Because *Harvill* and *Aikens* failed to recognize this important distinction between litigation over a motion to suppress and litigation over the sufficiency of the evidence, they wrongly concluded that the issues adjudicated on a motion to suppress could be relitigated by the state. Accordingly, we hereby overrule *Harvill* and *Aikens*.

2. We need not reach Thackston's remaining enumerations of error in light of our decision in Division 1.

*Judgment reversed. Miller, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Barnes, Ellington, Phipps, Mikell, Adams, and Doyle, JJ., concur.*

DECIDED MARCH 29, 2010 —
RECONSIDERATION DENIED APRIL 14, 2010 — 

*Steven A. Cook*, for appellant.
*David McDade, District Attorney, Thomas E. Kegley, James A. Dooley, Assistant District Attorneys*, for appellee.

---

[9] See *Johnson v. State*, 142 Ga. App. 124, 124-126 (1) (235 SE2d 550) (1977).
[10] See *Teague v. State*, 169 Ga. App. 285, 285-286 (1) (312 SE2d 818) (1983), aff'd, 252 Ga. 534 (314 SE2d 910) (1984).