## A10A0167. CONEY v. THE STATE.
(696 SE2d 73)

SMITH, Presiding Judge.

After the denial of his motion for new trial, Franklin Bernard Coney appeals from his judgment of conviction for aggravated

---

stalking. His sole enumeration of error is that the trial court erred in denying his plea in bar based upon an earlier decision declining to revoke his probation on the basis of the same offense. We disagree and affirm.

Coney never filed a written plea in bar, and he did not raise this issue before trial. In the courtroom, as the trial began, Coney's counsel stated: "Your honor, if I may, before we actually commence the case, might I make just a verbal plea at the bar [sic] here which I feel that I'm somewhat required to do?" He then proceeded with his argument, the State responded, and the trial court denied his plea in bar.[1]

Coney argues that collateral estoppel should apply here, because the probation revocation hearing had already determined "whether Coney had committed aggravated stalking" and that question should not be relitigated. But a probation revocation hearing is not a criminal trial, and therefore the trial court's ultimate decision in that matter does not constitute res judicata or collateral estoppel. *State v. Jones*, 196 Ga. App. 896, 898 (397 SE2d 209) (1990) ("This court has previously ruled that a ruling in favor of the accused in a probation revocation hearing does not serve as collateral estoppel to preclude a subsequent trial of the criminal charge which formed the basis of the revocation proceeding. [Cits.]"); *Smith v. State*, 171 Ga. App. 279, 282 (319 SE2d 113) (1984) ("In summary, a probation revocation hearing is similar to a preliminary hearing, and jeopardy does not attach at a preliminary hearing.").

We need not reach the apparent conflict posed by *Talley v. State*, 200 Ga. App. 442, 443 (3) (a) (408 SE2d 463) (1991) (disapproved on other grounds), in which we affirmed the denial of a motion to suppress based on the earlier denial of a motion to suppress evidence from the same search. *Talley* has no application to an assertion of collateral estoppel or double jeopardy on the basis of the ultimate outcome of a probation revocation hearing, which involves a different proceeding with different rules of evidence and burden of proof.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

---

[1] The State argues that Coney waived his plea in bar by failing to present it in timely, written form. "[F]ailure to file a written plea in bar before his second trial operates as a waiver of his subsequent challenge on double jeopardy grounds. [Cits.]" *McCormick v. Gearinger*, 253 Ga. 531, 534 (3) (322 SE2d 716) (1984). "[A] plea in bar of trial based on former jeopardy must be made in writing upon arraignment and before pleading on the merits. If not made in writing at the proper time, a plea of former jeopardy is waived." (Citations omitted.) *McCutchen v. State*, 177 Ga. App. 719, 722 (4) (341 SE2d 260) (1986). Coney counters that the State failed to raise the issue of waiver at the time, and that the trial court in fact ruled on his plea. We note that the transcript demonstrates that a failure to present the motion in writing and in a timely fashion significantly hindered a decision on the merits, as Coney was able to cite no legal authority even upon inquiry by the trial court. But we need not consider this question.

DECIDED MAY 6, 2010 —
RECONSIDERATION DENIED JUNE 8, 2010.

*Brandon A. Bullard, Thomas V. Driggers*, for appellant.
*Fred A. Lane, Jr., District Attorney, Thomas D. Lyles, Assistant District Attorney*, for appellee.